UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,  §§§§ Plaintiff, § VS. § SIAMONE PHOMPHAKDY, *et al*, §§§ Defendants. § | CIVIL ACTION NO. 4:13-CV-1369 |

**OPINION AND ORDER**

Pending before the Court in the above referenced forcible detainer action is Plaintiff's Motion to Remand (Doc. 4).  Plaintiff seeks an order remanding this case to County Court at Law No. Two, Harris County, Texas, on the grounds that Defendant, a *pro se* litigant, failed to timely remove the suit under 28 U.S.C. § 1446(b) and that the suit is not removable under 28 U.S.C. § 1441(b) since Defendant is a resident of the forum state.  In addition, Plaintiff argues that the Court lacks subject matter jurisdiction.  Upon review and consideration of the motion, the response in opposition (Doc. 9), the record, and the relevant legal authority, the Court concludes that subject matter jurisdiction is lacking and grants Plaintiff's Motion to Remand.

This case involves real property located at 10916 Sycamore Drive South, La Porte, TX 77571 ("the Property").  Plaintiff Federal National Mortgage Association ("Plaintiff") purchased the Property at a non-judicial foreclosure sale on January 1, 2013.  Aff. of Mortgage Servicer (Doc. 4-1 at 10).  Defendant Siamone Phomphakdy ("Defendant"), the former owner and occupant of the Property, remained in possession thereof after the sale.  Sworn Compl. for Forcible Detainer (Doc. 4-1 at 2). On February 8, 2013, Plaintiff filed a forcible detainer petition against Defendant in the Harris County Justice of the Peace Court Precinct 8-1 ("JP Court").

(Doc. 4-1 at 1–2). On February 12, 2013, Defendant was served with the eviction summons and citation. Citation–Eviction (Doc. 1 at 12). Defendant failed to appear before the JP Court for hearing on the merits of the eviction suit, and the JP Court entered a default judgment in favor of Plaintiff on February 20, 2013. J. by Default for Landlord (Doc. 4-2). Defendant filed a Notice of Appeal of the JP Court's judgment. Notice of Appeal (Doc. 1 at 8). On May 10, 2013, three days prior to the date set for a trial *de novo* in the County Civil Court at Law No. Two in Harris County, Texas, Defendant removed the *de novo* appeal to this Court, claiming diversity jurisdiction under 29 U.S.C. § 1332 (Doc. 1).[1] To establish diversity jurisdiction, Defendant alleges that the parties are citizens of different states as he and all other occupants are citizens of the State of Texas and Plaintiff is a citizen of Washington, D.C. He also alleges that the amount in controversy exceeds $75,000 based on the fact that the subject real property has a current fair market value of $157,569. Doc. 1 at 2. On June 19, 2013, Plaintiff filed its Motion to Remand.

The removal in this case was defective under both 28 U.S.C. § 1441(b)(2) and § 1447(c). Under 28 U.S.C. § 1441(b)(2), this case was not removable because Defendant is a citizen of Texas:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought.

In addition, Defendant's notice of removal was untimely by approximately two months under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

---

[1] Defendant's Notice of Removal also states that the Court has original jurisdiction under 28 U.S.C. § 1331, however, Defendant does not provide any facts to support this basis for jurisdiction and the Court finds that there are none in the record. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (holding defendant cannot remove a case to federal court and circumvent jurisdiction of state county court in a simple forcible detainer proceeding or suit to evict brought under the Texas Property Code by asserting a possible federal question in an answer or counterclaim).

pleading setting forth the claim for relief upon which such action or proceeding is based…

Defendant received the eviction summons and citation on February 12, 2013, yet did not remove the action until May 10, 2013, more than thirty days later.

The removal's procedural defects could have been cured by a timely motion to remand filed within thirty days of the Notice of Removal. *See In re Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009) (holding forum-defendant rule is procedural in nature). Under 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under section 1446(a). Plaintiff's Motion to Remand, however, was untimely, and therefore, Plaintiff waived the procedural defects in the removal. *Exxon Chemical Fire*, 558 F.3d at 395; *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991). Notwithstanding the untimeliness of Plaintiff's motion to remand, 28 U.S.C. § 1447(c) provides for remand at any time before final judgment where it appears that the district court lacks subject matter jurisdiction. Parties cannot waive subject matter jurisdiction. *Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Plaintiff argues that subject matter jurisdiction in this case does not exist under 28 U.S.C. § 1332 because the amount in controversy in a forcible detainer action is not the value of the property, but the value of the present right to possess the property. Doc. 4 at 7.

In a forcible entry and detainer case, the only issue to be determined "is whether the party seeking to obtain possession is entitled to actual and immediate possession." *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.2d 800, 805 (Tex. Civ. App.—Dallas 2011, writ denied); *Dews v. Floyd*, 413 S.W.2d 800, 805 (Tex. Civ. App.—Tyler 1967) (In a forcible entry and detainer case, the "primary object of such a suit is a recovery of possession."). As such, the amount in controversy is not the value of the property, but rather the "value of the right to possess or occupy the

property at issue." *Ezon v. Cornwall Equities, Ltd.*, 540 F. Supp. 885, 888 (S.D. Tex. 1982); *Real Wisdom Invs., L.L.C. v. Phillips*, No. H-13-3028, 2013 WL 5657843, at *2 (S. D. Tex. Oct. 16, 2013) ("[An eviction action only seeks possession of property. Ownership of the home is not a matter in controversy in an eviction suit.").

As a forcible detainer action, the primary object of this suit is the right to immediate possession of the Property. Therefore, the value of possession of the Property, and not the fair market value of the Property, is the proper basis on which to determine whether this case meets the minimum jurisdictional limit. As the removing party, Defendant has the burden to prove that the minimum jurisdictional limit has been satisfied. Defendant has failed to offer any facts to show that the value of the right to possess or occupy the Property exceeds $75,000. Moreover, Defendant recently filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Doc. 10). Since the parties and the Court are in apparent agreement that subject matter jurisdiction in this case is lacking, the Court remands the case to state court.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Remand (Doc. 4) is **GRANTED** and the case is to be remanded for further proceedings on the merits. The Clerk shall mail a certified copy of this Order of Remand to the County Civil Court at Law No. Two in Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

All other pending motions are **DISMISSED AS MOOT**.

SIGNED at Houston, Texas, this 19th day of February, 2014.

                                             MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE